Oscar Stilley, Attorney at Law 5111 Rogers Avenue Central Mall Plaza Suite 516 Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment, as follows:
 Popular Name AN AMENDMENT TO REDUCE THE NUMBER OF CONSTITUTIONAL AMENDMENTS WHICH MAY BE REFERRED BY THE ARKANSAS GENERAL ASSEMBLY FROM THREE (3) PER REGULAR BIENNIAL SESSION TO ONE (1) PER REGULAR BIENNIAL SESSION
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO REDUCE THE NUMBER OF CONSTITUTIONAL AMENDMENTS WHICH MAY BE REFERRED BY THE ARKANSAS GENERAL ASSEMBLY FOR THE ACCEPTANCE OR REJECTION OF THE PEOPLE FROM THREE (3) PER REGULAR BIENNIAL SESSION TO ONE (1) PER REGULAR BIENNIAL SESSION; PROVIDING THAT THE AMENDMENT IS SELF EXECUTING AND EFFECTIVE IMMEDIATELY, AND PROVIDING FOR GENERAL REPEALER OF CONFLICTING PROVISIONS
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to ambiguities in the text
of your proposed measure. Some additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
The measure you propose is fairly straightforward and does not, in my opinion, contain glaring ambiguities. In an abundance of caution, however, I must point out three issues arising from your text that require clarification before I can properly perform my duties. I refer to the following ambiguities:
 1. As an initial matter, I assume that it is your intention to reduce only the number of proposed constitutional amendments the General Assembly may submit to the people under Arkansas Constitution art. 19, § 22 and to leave the remainder of art. 19, § 22 unaffected. A question arises, however, regarding your proposed amendment's effect on the last sentence of that provision, which, in referring to the three amendments, states: "They shall be so submitted as to enable the electors to vote on each amendment separately." If the number of "amendments" is reduced from three to one, I am uncertain as to the effect on this sentence.
 It has been stated that the purpose of this sentence is to prevent "logrolling," which occurs when two or more propositions essentially dissimilar in subject matter are submitted to the electorate in one amendment. . . . The voter is thus bound in order to secure the enactment of the provision he favors, to vote for others of which he may disapprove." Op. Att'y. Gen. 91-058 at 4, quoting Andrews v. Governor, 294 Md. 285, 449 A.2d 1144 (1982).
 Because of the way in which the prohibition is worded in art. 19 § 22, however (referring to plural amendments) I am uncertain of your measure's impact on this provision.
 2. The text of your measure reduces the number of amendments that may be referred by the General Assembly "pursuant to Article 19, § 22 of this constitution. . . ." It is my assumption that your measure would not affect any amendments referred by the General Assembly to the people under separate constitutional authority, such as in Amendment 70
to the Arkansas Constitution, § 2. I do not believe it is your intention to affect this provision, but your measure contains a general repealer clause, and a potential problem in construction of your measure on this point could arise.
 3. Finally, an ambiguity arises, in my opinion, from the effective date of your proposal. The measure you propose is" effective immediately." I assume, therefore, that it will be effective, if adopted, on the November general election date in 2002. A reasonable reading of your amendment would therefore apply its provisions to the General Assembly's actions at the ensuing 2003 regular session. Because your proposal would be effective on the general election date in November, 2002, however, on the same date other amendments proposed by the General Assembly may be adopted, an ambiguity arises as to your proposal's applicability to measures adopted at that same November 2002 election.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, Case No. 00-485 (July 7, 2000). The Court concluded: "[i]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:cyh